OF TEXAS



WILL WILSON
ATTORNEY GENERAL

January 20, 1960


Col. Homer Garrison, Jr.
Director
Texas Department of Public Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. WW-781

Re: What constitutes the "Group
of Axles" to be used in de-
termining the maximum gross
weight for motor vehicles
under the provisions of S.B.
11, 56th Leg., R.S.

Dear Col. Garrison:

We quote your letter to the Attorney General in part
as follows:

"A question has arisen as to what constitutes
the "group of axles" to be used in determining the
maximum gross weight allowed for any motor vehicle
or combination of motor vehicles traversing the
highways of this State outside the corporate limits
of any incorporated city or town, in view of the
latest expression of the Legislature contained in
S.B. 11, 56th Legislature, Regular Session.

"Prior to this latest amendment the applicable
statute (V.A.P.C., Art. 827a, Sec. 5) was construed
in Opinion No. V-1285 as providing that the distance
to be measured in applying the table of distances
and weights is from the extreme front axle of the
vehicle to the extreme rear axle of the vehicle or
combination without regard to intervening axles.
Section 5, as amended by Senate Bill 11, reads in
part as follows:

'Section 5. Except as otherwise provided by law, no commerical motor vehicle, truck-tractor, trailer or semi-trailer, nor combination of such vehicles, shall be operated over, on, or upon the public highways outside the limits of an incorporated city or town, having a weight in excess of one or more of the following limitations: (Emphasis added.)

'(1) No group of axles shall carry a load in pounds in excess of the value given in the following table corresponding to the distance in feet between the extreme axles of the group, measured longitudinally to the nearest foot:

| 'Distance in feet between the extremes of any group of axles | Maximum load in pounds carried on any group of axles . . .' |
|---|---|

"At a special hearing conducted by Governor Price Daniel prior to signing S.B. 11, it was urged that the legislative history of S.B. 11 indicated a legislative intent that a different construction be given than that found in Opinion No. V-1285, due to the effect of Senate Committee Amendment No. 1, which changed the language of Sec. 5(1). Prior to the adoption of Amendment No. 1, S.B. 11 provided for Section 5(1) to read in part as follows:

'(1) The total gross weight with loads imposed on the highway by any vehicle, or combination of vehicles, shall not exceed that given for the respective distances between the first and last axles of such vehicle (emphasis added) or combination thereof, in the following table:

| 'Distance in feet between first and last axles of vehicle or combination | Maximum load in pounds . . .' |
|---|---|

"Amendment No. 1 deleted the last above quoted language and substituted that which was finally enacted.

" . . .

"After the above mentioned hearing, at which no dissent was voiced to the new interpretation, the Department concluded that an operator of a motor

vehicle or combination of motor vehicles would be in violation of the gross load limit if the gross weight on any one group of axles was in excess of that shown by the table. Recently it has been urged that we should be guided by the old Opinion No. V-1285 in spite of the latest expression of the Legislature to the contrary. Since it is still in existence, we deem it advisable to request a new opinion based on the new law.

"In view of the foregoing, your opinion is requested of the following:

"1. In applying the table of distances and weights in order to arrive at the maximum permissible gross weight allowed a vehicle or combination of vehicles by S.B. 11, 56th Legislature, is the distance to be measured from the extreme front axle of the vehicle to the extreme rear axle of the vehicle or combination without regard to intervening axles?

"2. In the diagram below, what is the total gross weight allowed by S.B. 11 on the axle group B to E when the distance from B to E is 25 feet and the distance from A to E is 38 feet?"



In answering your question Number 1, we must first point out a change in the wording between S.B. 11, 56th Legislature, Regular Session (V.A.P.C., Article 827a, Sec. 5) and the present amendment that you refer to above. This change is found in the latter part of the first paragraph of Sec. 5 of the bill, as amended, and reads as follows: ". . ., having a weight in excess of <u>one or more</u> of the following limitations." (Emphasis added.)

In this connection, reference is made to the Attorney General's Opinion No. V-1285 also referred to in your letter wherein the act was construed as providing that the distance to

be measured in applying the table of distances and weights is from the extreme front axle of the vehicle to the extreme rear axle or combination without regard to intervening axles.

We find no quarrel with Opinion No. V-1285. This opinion construed Art. 827a before the amendment set out above and found conflicting methods for determining maximum permissible gross load. In this opinion, the part of the act which reads as follows: "the weights set forth in column two of the above table shall constitute the maximum permissible gross weight for any such vehicle or combination of such vehicles," was considered to be in conflict with the provision which reads: "no group of axles shall carry a load in pounds in excess of the value given in the following table corresponding to the distance in feet between the extreme axles of the group, measured longitudinally to the nearest foot."

This opinion reasoned that the two conflicting methods of measurement must be reconciled before the proper weight of the vehicle could be ascertained. Consequently, to quote from the opinion: "In keeping with the rule of statutory construction that all parts of a statute will be harmonized, if possible, so as to give effect to every provision in the act, we think it is obvious that the Legislature, by the insertion of the provision relating to the maximum gross weight for a vehicle or combination of vehicles intended that all axles under a vehicle or combination of vehicles, be considered as the 'group' without regard to intervening axles."

This opinion continues: "But assuming that this is not the proper construction to be given this last provision and further assuming that the arrangement of axles in the above example results in more than one group of axles, then obviously the two paragraphs are in conflict and we must therefore determine which of the two provisions should prevail. If the provision which deals with 'group of axles' is to prevail, then undoubtedly the rule announced by the Iowa Supreme Court in State v. Balsley, supra, should be applied."

State v. Balsley, Iowa Supreme Court, 1951, 48 N.W. 2d 287, held under the Iowa Act[1] providing for "distance in

---

[1] The Iowa act, Sec. 321.463, Iowa Code (1950), provides: "No group of axles of any vehicle, or any combination of vehicles, shall carry a load in pounds in excess of the value given in the . . . table corresponding to the distance in feet between the extreme axles of the group measured longitudinally to the nearest foot."

feet between the extremes of any group of axles or the extreme axles of the vehicle or combination" meant "a group of axles of a vehicle must necessarily mean some combination of axles in the vehicle other than both 'extreme axles' of a combination vehicle or the 'tandem axles'". This opinion quotes with approval from Webster's New International Dictionary (2nd Ed. - 1944) where the word "group" is defined in part as follows "an assemblage of persons or things regarded as a unit because of their comparative segregation from others; an assemblage of objects in a certain order or relation, or having some resemblance or common characteristic".

The Balsley case holds "a group of axles in the present case must mean something other than all, and we hold it means . . . axles - which are contiguous and segregated by reason of their use."

The only other reported case concerning this question is State v. Luttrell, 68 N.W.2d 337, Supreme Court of Nebraska 1955, which follows the Balsley case, supra, in its interpretation of the Nebraska Acts[2] "groups of axles" provision.

In the present amendment to Art. 827a the Legislature added the provision: "having a weight in excess of one or more of the following limitations." (Emphasis added.) This amendment to the act frees it from the necessity of having to harmonize conflicting methods of measurement in order to arrive at the weight of the vehicle and sets up each limitation as an independent criterion. It is a well established rule of statutory construction that a construction should not be adopted, if it can be avoided, that will render any part of the act inoperative, nugatory or superfluous. 39 Tex.Jur. Sec. 113, p. 209 and cases there cited.

Our answer to your question Number 1 is "No", because any two consecutive axles and any two or more consecutive axles in a series of axles constitutes an axle group which is subject to the weight limitations imposed by the statutory weight table for any axle group. It is our opinion that under the present amendment to the act the phrases "extreme axles of the group" and "between the extremes of any group of axles" mean that any

---

[2]The Nebraska act, Section 39-722, Neb.Rev.Stat. (Supp. 1949), provides: "No group of axles shall carry a load in pounds in excess of the maximum loads given in the . . . table corresponding to the distance in feet between the extreme axles of the group, measured longitudinally to the nearest foot."

two or more consecutive axles must be considered as a group. Certainly, the word "group" need not have been used if the intent had been to refer to all the axles of a vehicle. And further, it is our opinion that in measuring between the extremes of any group of axles all groups of interior axles must be considered.

We feel that to construe this section standing by itself in any other manner would lead to an illogical conclusion or a result at variance with the intention of the Legislature. (30 Tex.Jur. Sec. 87, p. 159).

In answering your question Number 2, it is our opinion that the statutory weight table outlined in Section 5(1) prescribing the maximum load in pounds to be carried on any group of axles automatically limits the weight of axle groups B to E to 59,650 pounds since that is the weight prescribed for any group of axles having a distance of 25 feet between extreme axles of the group.

The 59,650 pound load on axle group B to E is further subject to the limitations governing tire, wheel, axle, and tandem axle weights as outlined in Section 5(3) and 5(4).

## SUMMARY

By "group of axles" as used in S.B. 11, 56th Leg. R.S. (Art. 827a V.A.C.S.) is meant that any two or more consecutive axles may be considered as a group and that in measuring between the extremes of any group of axles all groups of interior axles must be considered.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John C. Phillips
Assistant Attorney General

JCP:dhs

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Richard Wells
David Thomas
Jim Rogers
Jack Goodman